UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

MARVIN LEON EASON, )
)
        Petitioner, )
)
vs. ) Case No. 1:17CV00071 SNLJ
)
UNITED STATES OF AMERICA, )
)
        Respondent. )

## MEMORANDUM AND ORDER

This matter is before the Court on a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by Marvin Leon Eason, a person in federal custody. On January 9, 2015, Eason was found guilty by a jury of the offenses of Possession with Intent to Distribute Synthetic Marijuana and Felon in Possession of a Firearm and, on April 7, 2015, this Court sentenced Eason to the Bureau of Prisons for a term of 120 months as to Counts 1 and 2 to run concurrently, a sentence within the sentencing guideline range. Eason's § 2255 action, which is based on several allegations of ineffective assistance of counsel, is fully briefed and ripe for disposition.

### I. PROCEDURAL HISTORY

Eason was indicted on March 20, 2014, and charged with one count of possession of a controlled substance with intent to distribute in violation of Title 21 United States Code, Section 841(a)(1), and one count of possession of a firearm by a felon in violation of Title 18, United States Code, Section 922(g)(1).

Eason filed a motion to suppress the evidence and his statements alleging, among other things, that there was not probable cause to support the issuance of the search

warrant for his residence. A hearing was held on the motion and United States Magistrate Judge Abbie Crites-Leoni recommended that Eason's motion to suppress be denied. Eason objected to Judge Crites-Leoni's Report and Recommendation and this Court adopted the Report and Recommendation and denied Eason's motion to suppress. Both the items of physical evidence seized from the residence as well as the statements made by Eason to the agents were admitted at Eason's jury trial.

On January 9, 2015, the jury found Eason guilty of both counts of the indictment. Eason was later be sentenced to concurrent terms of 120 months of incarceration to be followed by three years of supervised release as to each count.

As Eason was on supervised release at the time he committed these offenses a petition to revoke his supervised release was filed and his supervise release was revoked after a hearing on the allegations. Eason did not file an appeal in the supervised release case.

Eason appealed the conviction in the new offense, alleging that the this Court erred in denying his motion to suppress and that there was insufficient evidence to support the conviction on the possession of firearm by a felon case. The Eighth Circuit Court of Appeals denied Eason's appeal. Eason subsequently filed a motion to vacate the sentence pursuant to 28 U.S.C. § 2255, herein.

## II. NEED FOR EVIDENTIARY HEARING AND BURDEN OF PROOF

28 U.S.C. '2255 provides, in pertinent part:

Unless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court states:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits in the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

When a petition is brought under § 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. In determining whether petitioner is entitled to an evidentiary hearing the court must take many of petitioner's factual averments as true, but the court need not give weight to conclusory allegations, self interest and characterizations, discredited inventions, or opprobrious epithets. *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993). A hearing is unnecessary when a Section 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and the records of the case. *Id.* at 225-6. *See also United States v. Robinson*, 64 F.3d 403 (8th Cir. 1995); *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

When all the information necessary for the court to make a decision with regard to claims raised in a 2255 motion is included in the record, there is no need for an evidentiary hearing. *Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993). An evidentiary hearing is unnecessary where the files and records conclusively show petitioner is not entitled to relief. *United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989).

**Ineffective Assistance of Counsel Claims – Standard.**

In order to prevail on a theory of ineffective assistance of counsel, the Movant must demonstrate two separate things; that counsel's representation fell below an objective standard of reasonableness (was constitutionally deficient) , and secondly that counsel's deficient performance materially and adversely prejudiced the outcome of the case. *Furnish v. United States of America*, 252 F.3d 950, 951 (8th Cir. 2001) While counsel has a duty to make reasonable investigations and decisions, "in determining whether counsel's performance was deficient, the court should 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance'". *Collins v. Dormire*, 240 F.3d 724, 727 (8th Cir. 2001) (citing *Strickland*, 466 U.S. at 689)

In order to prove that counsel's error was prejudicial, Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability has been described as "a probability sufficient to undermine confidence in the outcome". *Id*. However, the reviewing court need not address the issue of counsel's performance if it determines that the movant "suffered no prejudice from the alleged ineffectiveness." *Pryor v. Norris*, 103 F.3d 710, 712 (8th Cir. 1997)

Counsel cannot be considered to be ineffective for failing to raise issues upon which a defendant would not have prevailed. *United States v. Johnson*, 707 F.2d 317, 320 (8th Cir. 1983) Nor is an attorney under an obligation to pursue an unpromising investigation. *Harvey v. United States*, 850 F.2d 388, 403 (8th Cir. 1988)

4

## III. DISCUSSION

**A. Eason's Attorney was not Ineffective for Failing to Attack a Valid Indictment.**

Eason first alleges that his attorney was ineffective in failing to challenge the indictment, and the jury instructions which did not include essential elements of the "charged crime". Eason states:

> Petitioner was found guilty of distributing a drug under the Controlled Substance Analogue Enforcement Act (CSAEA)- XLR-11. The indictment did not acknowledge that it was a controlled substance analog as defined in 21 U.S.C. §802(32)(A), nor, that the defendant knew that the substance was intended for human consumption, as provided in 21 U.S.C. § 813. These were critical essential elements to be proven beyond a reasonable doubt."

(Section 2255 Petition p. 4)

Eason would have been correct, had he been charged with a violation of under Section 813. Eason was correctly charged however for a violation of 21 U.S.C. § 841(a)(1), for possession of a controlled substance, not a controlled substance analogue. Title 21, United States Code, Section 811(a) provides that the Attorney General of the United States may add a drug or other substance to the schedule of controlled substances if he or she finds that the drug or other substance has a potential for abuse, and makes findings consistent with Title 21, United States Code, Section 812(b).

Acting under the authority of the Attorney General of the United States, the Deputy Administrator of the Drug Enforcement Administration (DEA) issued a final order pursuant to the temporary scheduling provisions of 21 U.S.C. 811(h) to temporarily schedule 1-(5-Fluoropentyl)-3-(2,2,3,3-tetramethylcyclopropoyl) indole, (XLR-11) as a

Schedule I Controlled Substance, effective May 16, 2013. (Federal Register Volume 78, Number 95, pages 28735-28739, Thursday, May 16, 2013)

Although chemically speaking XLR-11 remained an analogue to the active chemical ingredients in marijuana, legally XLR-11 became just another controlled substance under Title 21, United States Code, Section 841. With its scheduling as a controlled substance, the elements of Section 841(a)(1) and not Section 813 applied.

Eason's counsel could not have prevailed upon that theory had he attacked either the indictment or the jury instructions, and Eason was not prejudiced by his failure to advance those arguments. Eason's counsel was not ineffective for failing to make those challenges and this ground is dismissed without the necessity of an evidentiary hearing.

**B. The Search Warrant Affidavit was Properly Signed by Affiant.**

Eason alleges that he received ineffective assistance of counsel because his attorney failed to recognize that the search warrant application and affidavit were not signed before being presented to the Magistrate for consideration.

Eason filed two separate motions to suppress evidence attacking the search warrant during the pretrial motion phase of his criminal case (Documents 36 and 43). Eason has previously alleged that there was no search warrant, that the search warrant was not supported by probable cause, and now for the first time that the search warrant affidavit was unsigned. As proof, Eason attaches a redacted copy of the affidavit which does not show the signature block. (Document 1-5, p. 18)

This contention is completely unsupported by the record. The Search Warrant for Eason's residence was issued in MOED Cause 1:13 MJ 4076 LMB, which clearly reflects

that the affidavit was signed by the affiant. Document 1 in cause 1:13 MJ 4076 LMB consists of the original search warrant package including the application and affidavit, which was signed by TFO Alan Nobles. That document was order sealed by the Court and remains sealed to this date. The government sought leave to obtain a certified, unredacted copy for use as an exhibit at the hearing on Eason's Motions to Suppress Evidence. (See Documents 12 and 13 in 1:13 MJ 4076 LMB) The certified copy of the signed, unredacted affidavit was used as Government Exhibit Number 1 at the hearing on the motion to suppress evidence held in Eason's case on August 22, 2014. (See documents 47 and 49 in MOED 1:14 CR 17 SNLJ)

Eason's counsel was not ineffective for failing to allege that the search warrant was not signed by the affiant because the Court's records clearly demonstrate that it was. Had that not been the case, the Court who carefully examined the certified, unredacted copy used an exhibit at the hearing would have surely noticed that omission. Since this contention is clearly not supported by the record, this allegation is dismissed without the necessity of an evidentiary hearing. (See Document 1 in cause 1:13 MJ 4076 LMB, the original signed affidavit)

**C. Sentencing Guidelines Issues are Not Cognizable in Section 2255 Litigation.**

For his third Ground Eason claims that the District Court abused its discretion in applying sentencing enhancements for possession of a stolen firearm, possessing the firearm during the commission of the drug offense and obstruction of justice. (Document 1-1, p. 13) Eason did not raise these issues on appeal.

This issue is not cognizable because it could have been raised on direct appeal. Section 2255 litigation is not a substitute for direct appeal, and matters which could have been raised on appeal, but were not should not be considered on a 2255. *United States v. Samuelson*, 722 F.2d 425, 427 (8th Cir. 1983). This exclusion includes not only claims of trial error, but all other claims that could be raised on direct appeal. *Id*.

Because this issue is not one that Eason can legitimately raise in Section 2255 litigation, it is dismissed without the necessity of an evidentiary hearing.

**D. Drug Quantity Issues are Not Cognizable in Section 2255 Litigation.**

For Eason's Fourth Ground he claims that this Court abused its discretion by determining a drug quantity for sentencing which was not supported by the evidence. (Document 1-1, p. 18) Eason did not appeal on this basis either. As set out above, this issue is also not cognizable in Section 2255 litigation because it could have been raised on direct appeal. As such it is dismissed without the necessity of an evidentiary hearing.

**E. Collateral Attack on Supervised Release Case Not Cognizable in Section 2255 Litigation.**

Finally Eason alleges that this Court abused its discretion by finding after an evidentiary hearing that he had violated the terms and conditions of his supervised release in EDMO Cause 1:09 CR 187 RWS. Eason's argument is that his claims in Grounds One and Two, that the Indictment was insufficient and that the search warrant was never signed, effectively make the finding that he violated his supervised release an illegal judgement. (Document 1-1, pp. 21-22) Eason failed to appeal the revocation of his supervised release.

A number of factors defeat this claim. First, as demonstrated above, there is absolutely no merit to either of these two claims by Eason, and the record definitively demonstrates that he is not entitled to relief on either of those counts.

Secondly, as set out above, Eason may not raise this issue now, because it could have been raised on direct appeal. Section 2255 litigation is not a substitute for direct appeal, and matters which could have been raised on appeal, but were not should not be considered in a 2255 petition. *United States v. Samuelson*, 722 F.2d 425, 427 (8th Cir. 1983).

Finally, as there was no appeal on the supervised release case, the one year statute of limitations began to run on that matter when the judgement on July 8, 2013 became final. Eason's one year time frame for filing a petition relating to that case has long since expired. (See 28 U.S.C. § 2255(f)).

This claim is also be dismissed without the necessity of an evidentiary hearing.

## **CONCLUSION**

For the foregoing reasons, this Court denies all of the claims contained in Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

**IT IS FURTHER ORDERED** this Court will not issue a certificate of appealability because Eason has not made a substantial showing of the denial of a federal constitutional right.

Dated this 26th day of September, 2018.

                                        _____
                                        STEPHEN N. LIMBAUGH, JR.
                                        UNITED STATES DISTRICT JUDGE